Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 97 C 21 | **DATE** | 7/24/2001 |
| **CASE TITLE** | DENNIS STOKES vs. MICHAEL HILL, et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Defendants' motion for bill of costs [128-1] is granted in part and denied in part. The costs taxed to plaintiff are as follows: $2,394.85 in fees for deposition and transcript costs, $595.00 for photograph enlargements, $80.00 in witness fees for Portwood and Cattaneo, and $21,50 in travel expenses for the same, totaling $3,091.35.

(11) ■ [For further detail see

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUL 26 2001 | |
| | Notified counsel by telephone. | | date docketed | 133 |
| ✓ | Docketing to mail notices. | | IS | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TBK | courtroom deputy's initials | 01 JUL 26 AM 8:26 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENNIS STOKES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 97 C 0021 |
| | ) |
| v. | ) Judge Ronald A. Guzmán |
| | ) |
| MICHAEL HILL, SHAWN STAPLES, | ) |
| HARDY ROSENTHAL, DAVID EDWARDS, | ) |
| | ) |
| Defendants. | ) |

JUL 2 6 2001

## MEMORANDUM OPINION AND ORDER

This matter before comes before the Court on the motion of defendants Michael Hill, Shawn Staples, Hardy Rosenthal, and David Edwards, to tax costs against Plaintiff, Dennis Stokes, pursuant to Federal Rule of Civil Procedure ("Rule") 54(d) and Local Rule 54. At trial, the jury returned a verdict in favor of defendants, and they now seek to recover costs totaling $5,335.40 from plaintiff. For reasons set forth herein, defendant's motion is granted in part and denied in part.

## DISCUSSION

Rule 54(d)(1) is permissive–it allows federal courts to award costs, other than attorneys' fees, to the prevailing party except where a statute or other court rule expressly provides therefor. FED. R. CIV. P. 54(d)(1). Rule 54(d)(1), however, does not authorize a court to award costs not enumerated by U.S. statute or court rule. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Further, costs are not to be equated with expenses for the purpose of

1

determining what the prevailing party will receive, *Abbott Labs. v. Granite Ins. Co.*, 104 F.R.D. 42, 43 (N.D. Ill. 1984), and thus any calculation of what costs are to be taxed must begin with a determination of their propriety.

The costs taxable to the losing party under Rule 54(d) are defined primarily by 28 U.S.C. § 1920 ("section 1920"): (1) fees of the clerk and marshal; (2) fees for transcripts "necessarily obtained for use in the case"; (3) fees for printing and witnesses;[1] (4) fees for exemplification and copying "of papers necessarily obtained for use in the case"; (5) docket fees; and (6) compensation of court-appointed experts and interpreters. 28 U.S.C. § 1920 (West 2000). Once a statutory basis for taxing costs has been established, the court must determine whether the costs are "costs" and whether they are "reasonable, both in amount and necessity." *State of Illinois v. Sangamo Constr. Co.*, 657 F.2d 855, 864 (7th Cir. 1981).

Since the jury found for the defendants, they are "prevailing parties" with respect to Rule 54(d). As such, they ask this court to tax the following costs against plaintiff: $2,203.10 in fees for depositions and transcript costs, $191.75 for exemplification and copies of papers, and $2,940.55 in "Miscellaneous Costs," totaling $5,335.40.

Regarding the fees for deposition and transcript costs, as well as fees for exemplification and copies of papers, there is no dispute between the parties. Section 1920(2) provides for the taxation of court reporter fees "for all or any part of the stenographic transcript necessarily obtained for use in the case." 28 U.S.C. § 1920(2). Further, section 1920(3) provides for the taxation of fees for printing. 28 U.S.C. § 1920(3). The Court finds that these expenses are

---

[1]Section 1821 further enumerates compensation for witnesses, including subsistence, travel, and daily fees. 28 U.S.C. § 1821.

allowable and reasonable under section 1920, and hereby taxes plaintiff in the amount of $2,394.85. Plaintiff also does not dispute the request to tax $595.00 under the "Miscellaneous Costs" heading for the enlargement of five photographs for exhibits which defendants aver was necessarily obtained for the use in the case. Finding that this amount falls within section 1920 and is reasonably necessary, the Court taxes Plaintiff in the amount of $595.00. *See Wahl v. Carrier Mfg.*, 511 F.2d 209, 217 (7th Cir. 1975).

Where there is a dispute, however, is among the remaining requests laid out by defendants under the heading "Miscellaneous Costs." First, Plaintiff objects to defendants' request to tax the overtime costs of Shawn Staples, $437.00, Hardy Rosenthal, $300.74, David Edwards, $209.02, Ralph Portwood, $144.15, and Robert Cattaneo, $75.00. He objects on the grounds that section 1920 does not authorize overtime charges as taxable costs, or alternatively that section 1920 does not authorize taxation of fees for party witnesses. In response, defendants contend that a district court entertains limited discretion, granted by Rule 54, to tax costs not enumerated in a particular statute. Defendants rely on *Farmer v. Arabian American Oil Co.*, 379 U.S. 227 (1964), in which the Court stated that "[t]he discretion given to district judges [by Rule 54(d)] to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute." *Id.* at 235.

In *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, the Supreme Court rejected the notion that Rule 54 grants district courts a source of discretion aside from sections 1821 and 1920. *Crawford*, 482 U.S. at 442. In so holding, the Court stated that when read together, sections 1821, 1920, and Rule 54 grant a district court discretion only to refuse to tax the specifically

3

enumerated expenses.[2] *Id.* at 442-43; *see Jones v. Manning*, No. 93 C 3709, 1996 WL 316438, at *1 (N.D. Ill. June 7, 1996) (holding that overtime resulting from trial preparation and commute and attendance at trial was not allowed under section 1920 and did not fall within "salaries, fees, and expenses" allowed for special interpretation services); *In re Schwinn Bicycle Co.*, 210 B.R. 764, 771 (N.D. Ill. 1997) (finding that secretarial overtime was not allowed as a taxable cost under section 1920). Additionally, section 1920 only mentions "compensation," the closest analogy to what defendants seek when referring to special interpreters. 28 U.S.C. § 1920(6).

Sections 1821 and 1920 do provide a basis for compensating witnesses, on a *per diem* basis of $40 a day. 28 U.S.C. §§ 1821(b), 1920(3). Although section 1920 does not distinguish between party and non-party witnesses, the Seventh Circuit has held that parties may not normally collect witness fees, *Barber v. Ruth*, 7 F.3d 636, 646 (7th Cir. 1993)[3], and thus a district court may not tax witness fees for party witnesses under 28 U.S.C. § 1920(3), *Haroco, Inc. v. American Nat'l Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1442 (7th Cir. 1994). Therefore, this court will tax Plaintiff $80.00, which includes the $40.00 *per diem* compensation for Ralph Portwood and Robert Cattaneo, who according to defendants' bill of costs spent 5 and 2 ½ hours on this case respectively. Any overtime costs incurred by Hill, Staples, Rosenthal, or Edwards, however, may not be taxed as they were named as defendants, and thus were party witnesses.

---

[2]The Court in *Crawford* explicitly stated that the quote from *Farmer*, now cited by defendants, was obiter dicta and was not consistent with their reading of sections 1821, 1920, and Rule 54. *Id.*
[3]*See Hodge v. Seiler*, 558 F.2d 284, 287 (5th Cir. 1977); CHARLES ALAN WRIGHT, ARTHUR R. MILLER, 10 FEDERAL PRACTICE AND PROCEDURE § 2678 at 376 (1983 & Supp. 1992).

4

Second, Plaintiff objects to defendants' request to tax the travel costs of Michael Hill, $1089.00, Shawn Staples, $25.20, Hardy Rosenthal, $36.00, and David Edwards, $4.50, on the grounds that they are party witnesses and thus may not be granted. Section 1821 states: "All normal travel expenses within and outside the judicial district shall be taxable as costs pursuant to Section 1920 of this title." 28 U.S.C. § 1821(c)(4). However, this Court finds precedent in the Fifth Circuit holding that although fees and disbursements for witnesses are mentioned in this statute, the travel expenses of a *party* to a lawsuit are not included in the section 1920 list. *Hodge v. Seiler*, 558 F.3d 284, 287 (5th Cir. 1977); *see Sales v. Marshall*, 873 F.2d 115, 119-20 (6th Cir. 1989) (stating that fees and allowances in section 1821 pertain to travel and subsistence expenses incurred by witnesses and do not authorize district court to tax as costs against prisoner-litigant the expense of transporting that person from prison to court.). The Court finds this reading of section 1920 to be persuasive, and adopts it. Therefore, the travel expenses of Portwood, $11.00, and Cattaneo, $10.50, are taxed to plaintiff. Because Hill, Staples, Rosenthal, and Edwards were all named as defendants in this action, they are party witnesses and may not recover travel costs.

## CONCLUSION

For the foregoing reasons, defendants' motion for bill of costs [docket no. 128-1] is granted in part and denied in part. The costs taxed to plaintiff are as follows: $2,394.85 in fees for deposition and transcript costs, $595.00 for photograph enlargements, $80.00 in witness fees for Portwood and Cattaneo, and $21.50 in travel expenses for the same, totaling $3,091.35.

**SO ORDERED**

ENTERED 7/24/07

HON. RONALD A. GUZMAN
United States Judge